IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KENNETH COBB,
     Petitioner,

vs.                          Case No.:  3:16cv390/MCR/EMT

JULIE L. JONES,
     Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Petitioner's petition for writ of habeas corpus and supporting memorandum, filed pursuant to 28 U.S.C. § 2254 (ECF Nos. 1, 2). Respondent filed an answer and relevant portions of the state court record (ECF No. 15).  Petitioner filed a reply (ECF No. 17).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C) and Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised by the parties, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rule 8(a), Rules Governing Section 2254 Cases.  It is further the

opinion of the undersigned that the pleadings and attachments before the court show that Petitioner is not entitled to relief.

I.      BACKGROUND AND PROCEDURAL HISTORY

The relevant aspects of the procedural background of this case are established by the state court record (*see* ECF No. 15).[1]  Petitioner was charged in the Circuit Court in and for Escambia County, Florida, Case No. 2008-CF-3420, with sexual battery with physical force likely to cause serious personal injury (Count 1), unlawful sexual activity with certain minors (Count 2), false imprisonment (Count 3), and misdemeanor battery (Count 4) (Ex. A).  On October 21, 2008, Petitioner signed a Sentence Recommendation, pursuant to which he and the State agreed to the following:

1.      As to Count 1, Petitioner would enter a no contest plea to a reduced charge of felony battery;

2.      As to Count 3, Petitioner would enter a no contest plea to false imprisonment as charged;

3.      Petitioner would be adjudicated guilty of those charges;

4.      The State would dismiss Counts 2 and 4;

---

[1] Hereinafter all citations to the state court record refer to the exhibits submitted with Respondent's answer (ECF No. 15).  If a cited page has more than one page number, the court cites to the "Bates stamp" page number.

5.      The arrest report, offense report, or probable cause affidavit filed with the court would be incorporated by reference and agreed to by Petitioner as a factual basis for the plea and/or Petitioner agree that the factual basis for the charges was the following:

> On or about 07/13/08 the Defendant and victim [16 years of age] got into an argument at which time the Defendant took the victim back to his auntie place [sic] where he held the victim down on a bed and had sex with her and refused to let her leave.

6.      Petitioner would be sentenced to 90 days in the county jail, followed by eighteen (18) months of probation, on Counts 1 and 3, with the sentences to run concurrently; and

7.      Petitioner would attend anger management and stay away from the victim.

(Ex. D at 70–74).  Additionally, six paragraphs were circled on the written Sentence Recommendation, one of which was the following:

> I understand if I plea guilty or nolo contendere to any crime that would qualify me as a "SEXUAL OFFENDER" as described in Section 943.0435, Florida Statutes, I will be required to follow certain registration requirements concerning my residence.

(Ex. D at 72).  On October 22, 2008, the trial court accepted Petitioner's plea and sentenced Petitioner in accordance with the Sentence Recommendation (Ex. B; *see also* ECF No. 2, Ex. A).  The court granted Petitioner jail credit of 90 days (*id.*).

On December 12, 2008, the State filed an Affidavit for Violation of Probation, charging Petitioner with violating his probation by possessing illegal drugs (marijuana) as evidenced by a drug test (Ex. C). Petitioner entered a no contest plea to the violation, and on February 27, 2009, the court revoked Petitioner's probation and sentenced him to concurrent terms of 45.5 months in prison, with jail credit of 156 days (*id.*).

On February 27, 2012, upon Petitioner's release from prison, he signed a notice of rights and responsibilities of sexual offenders (Ex. D at 106–07). On April 18, 2012, Petitioner was charged in Case No. 2012-CF-1492, with two counts of failure of a sex offender to report or register a change in permanent or temporary address or an electronic mail address (*id.* at 1). Petitioner's counsel filed a motion to dismiss the charges, on the ground that Petitioner was never judicially designated a sexual offender, and was instead designated by an executive agency, specifically, the Florida Department of Law Enforcement ("FDLE") (*id.* at 14–17). Defense counsel further argued that no judicial finding of fact was made that there was a sexual component to Petitioner's false imprisonment conviction (*id.*). Counsel additionally argued that Petitioner was never advised he would be designated a sexual offender as a consequence of his plea to false imprisonment in Case No. 2008-CF-3420(*id.*).

Counsel argued that the FDLE's determining that there was a sexual component to the false imprisonment offense, with no evidentiary protections, violated principles of separation of powers and Petitioner's substantive due process rights under the Constitution (*id.*). The state court held a hearing on the motion to dismiss and subsequently denied it (*id.* at 34–75).

On August 31, 2012, Petitioner signed a Sentence Recommendation, pursuant to which he agreed to enter a guilty plea to one count of failure to register, but reserved the right to appeal the court's denial of the motion to dismiss (Ex. D at 86–90). The State agreed to dismiss the second charge (*id.*). The parties agreed that Petitioner would be adjudicated guilty and sentenced to time served (*id.*). As with Petitioner's Sentence Recommendation in Case No. 2008-CF-3420, the following paragraph was circled:

> I understand if I plea guilty or nolo contendere to any crime that would qualify me as a "SEXUAL OFFENDER" as described in Section 943.0435, Florida Statutes, I will be required to follow certain registration requirements concerning my residence.

(Ex. D at 88). The trial court conducted a colloquy, which included the following exchange:

> THE COURT: All right. And as I understand it, at least, from this day forward, there is no question but that he's going to have to register.

MR. KNOWLES [defense counsel]:  Until such time as any relief on the other case [2008-CF-3420] that we may be able to get.  But, currently, as of now, yes, he is listed with FDLE.

THE COURT:  Okay.

MR. KNOWLES:  And will be required to register.

THE COURT:  So you understand all of that?

THE DEFENDANT:  Yes, sir.

THE COURT:  All right.  And any failure to do so you can't be raising this issue, that I've already resolved up until this point, unless the appellate court overturns what I do; do you understand that?

THE DEFENDANT:  I want to ask you a question.  What happened on the—the dismissal?

THE COURT:  I denied it.

THE DEFENDANT:  On what ground?

THE COURT:  I denied it because the law says you are designated as of that [sic].  And that if you don't bring forth evidence that a sexual component was not involved, then it stands and that I'm not required to designate you.  You're designated as that as a result of the offense, okay?  So that's what we're doing.  Any other questions?

THE DEFENDANT:  No, sir.

THE COURT:  All right.  So at this point you wish to go forward with the plea?

THE DEFENDANT:  Yes, sir.

(Ex. D at 78–79).  Following the colloquy, the court accepted the plea and sentenced Petitioner to time served (*id.* at 79, 108–09).  Petitioner appealed the judgment to the Florida First District Court of Appeal ("First DCA"), Case No. 1D12-4442, arguing that the trial court erred by denying the motion to dismiss because Petitioner's classification as a sexual offender violated his federal substantive due process rights (Ex. E).  On December 3, 2013, the First DCA affirmed the judgment per curiam without written opinion (Ex. G).  Cobb v. State, 127 So. 3d 505 (Fla. 1st DCA 2013) (Table).  The mandate issued December 19, 2013 (*id.*).

On July 15, 2013, Petitioner was charged in Case No. 2013-CF-1423 with two counts of failure of a sex offender to register a change in address (Counts 1 and 2) and one count of failure of a sex offender to re-register during the month of his birthday or during every third month following his birth month (Count 3) (Ex. I).  Petitioner's counsel filed a motion to dismiss the charges, on the ground that Petitioner was never judicially designated a sexual offender (Ex. J).  On October 24,  2013, Petitioner signed a Sentence Recommendation, pursuant to which he agreed to plead guilty as charged (Ex. K).  The parties agreed that Petitioner would be adjudicated guilty and sentenced to concurrent terms of three (3) years of probation (*id.*).  The trial court denied the motion to dismiss, accepted the plea, and sentenced Petitioner in

accordance with the agreement (*see id.*). The judgment rendered on October 24, 2013 (*see id.*). Petitioner did not appeal the judgment.

On May 14, 2014, the State filed an Affidavit for Violation of Probation (Ex. L). The State subsequently filed a Second Amended Affidavit charging Petitioner with three violations (*id.*). Following a hearing on October 14, 2014, the court adjudicated Petitioner guilty of two of the three violations (the State dismissed one violation) (Ex. M). The court revoked and terminated Petitioner's probation, and sentenced him to concurrent terms of 90.1 months in prison, with pre-sentence credit for 101 days (*id.*). Petitioner did not appeal the judgment.

On May 6, 2015, Petitioner filed a motion for post-conviction relief in Case No. 2008-CF-3420, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. N at 1–5). The state circuit court dismissed the motion on May 15, 2015 (*id.* at 11–12).

On May 26, 2015, Petitioner filed a motion to correct illegal sentence in Case No. 2013-CF-1423, pursuant to Rule 3.800 of the Florida Rules of Criminal Procedure (Ex. O at 71–81). He subsequently filed an amended motion (*id.* at 146–52). On November 10, 2015, the state circuit court dismissed the amended Rule 3.800 motion

as not cognizable under Rule 3.800, without prejudice to Petitioner's filing an amended Rule 3.850 motion (*id.* at 233–34, 237–38).

On February 24, 2016, Petitioner filed a "Petition for Writ of Habeas Corpus Pursuant to Fla. R. Crim. P. 3.850[(h) and (m)] Alleging Manifest Injustice" in the state circuit court, Case Nos. 2008-CF-3420 and 2013-CF-1423 (Ex. N at 21–35). The circuit court denied the petition on March 15, 2016 (*id.* at 36–37). Petitioner filed a motion for rehearing (*id.* at 63–68). The court denied the motion on April 11, 2016 (*id.* at 69–70). Petitioner appealed the order denying his motion for rehearing to the First DCA, Case No. 1D16-1832 (Ex. O at 239–41, Ex. P). The First DCA per curiam affirmed the circuit court's decision on July 7, 2016 (Ex. R). Cobb v. State, 194 So. 3d 1022 (Fla. 1st DCA 2016). The mandate issued August 2, 2016 (*id.*).

Petitioner filed the instant federal habeas action on August 5, 2016 (ECF No. 1).

II.    STANDARD OF REVIEW

Federal courts may grant habeas corpus relief for persons in state custody pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pub. L. 104-132, § 104, 110 Stat. 1214, 1218–19. Section 2254(d) provides, in relevant part:

> **(d)**  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > **(1)**  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > **(2)**  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2011).

The United States Supreme Court explained the framework for § 2254 review in Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).  The appropriate test was described by Justice O'Connor as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.*, 529 U.S. at 412–13 (O'Connor, J., concurring).

Employing the Williams framework, on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a state court

proceeding, the federal court must first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision." <u>Lockyer v. Andrade</u>, 538 U.S. 63, 71–72, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003). The law is "clearly established" only when a Supreme Court holding at the time of the state court decision embodies the legal principle at issue. <u>Thaler v. Haynes</u>, 559 U.S. 43, 47, 130 S. Ct. 1171, 175 L. Ed. 2d 1003 (2010); <u>Woods v. Donald</u>, — U.S. —, 135 S. Ct. 1372, 1376, 191 L. Ed. 2d 464 (2015) ("We have explained that clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of this Court's decisions." (internal quotation marks and citation omitted)).

After identifying the governing legal principle(s), the federal court determines whether the state court adjudication is contrary to the clearly established Supreme Court case law. The adjudication is not contrary to Supreme Court precedent merely because it fails to cite to that precedent. Rather, the adjudication is "contrary" only if either the reasoning or the result contradicts the relevant Supreme Court cases. <u>Early v. Packer</u>, 537 U.S. 3, 8, 123 S. Ct. 362, 154 L. Ed. 2d 263 (2002) ("Avoiding th[e] pitfalls [of § 2254(d)(1)] does not require citation to our cases—indeed, it does not even require awareness of our cases, so long as neither the reasoning nor the result

of the state-court decision contradicts them."). Where there is no Supreme Court precedent on point, the state court's conclusion cannot be contrary to clearly established federal law. *See* <u>Woods</u>, 135 S. Ct. at 1377 (holding, as to claim that counsel was per se ineffective in being absent from the courtroom for ten minutes during testimony concerning other defendants: "Because none of our cases confront the specific question presented by this case, the state court's decision could not be contrary to any holding from this Court." (internal quotation marks and citation omitted)). If the state court decision is contrary to clearly established federal law, the federal habeas court must independently consider the merits of the petitioner's claim. *See* <u>Panetti v. Quarterman</u>, 551 U.S. 930, 954, 127 S. Ct. 2842, 168 L. Ed. 2d 662 (2007).

If the "contrary to" clause is not satisfied, the federal habeas court next determines whether the state court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases. The federal court defers to the state court's reasoning unless the state court's application of the legal principle(s) was "objectively unreasonable" in light of the record before the state court. <u>Williams</u>, 529 U.S. at 409; *see* <u>Holland v. Jackson</u>, 542 U.S. 649, 652, 124 S. Ct. 2736, 159 L. Ed.

2d 683 (2004) (per curiam).   In applying this standard, the Supreme Court has emphasized:

> When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong.   Federal habeas review thus exists as "a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal."   Harrington, *supra*, at 102–103, 131 S. Ct. 770 (internal quotation marks omitted).

Woods, 135 S. Ct. at 1376 (quoting Harrington v. Richter, 562 U.S. 86, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011)).

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in state court where that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."   28 U.S.C. § 2254(d)(2).   The "unreasonable determination of the facts" standard is implicated only to the extent the validity of the state court's ultimate conclusion is premised on unreasonable fact finding.   *See* Gill v. Mecusker, 633 F.3d 1272, 1292 (11th Cir. 2011).   As with the "unreasonable application" clause, the federal court applies an objective test.   Miller-El v. Cockrell, 537 U.S. 322, 340, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (holding that a state court decision based on a factual determination "will not be overturned on factual grounds unless

objectively unreasonable in light of the evidence presented in the state court proceeding.").  Federal courts "may not characterize . . . state-court factual determinations as unreasonable merely because we would have reached a different conclusion in the first instance."  Brumfield v. Cain, — U.S. —, 135 S. Ct. 2269, 2277, 192 L. Ed. 2d 356 (2015) (quotation marks omitted).

When performing review under § 2254(d), the federal court presumes that all factual determinations made by the state court are correct.  28 U.S.C. § 2254(e)(1).  The petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence."  Id.; see, e.g., Miller-El, 537 U.S. at 340 (explaining that a federal court can disagree with a state court's factual finding and, when guided by the AEDPA, "conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence").  Neither the Supreme Court nor the Eleventh Circuit has interpreted how § 2254(d)(2) and § 2254(e)(1) interact in the context of fact-based challenges to state court adjudications.  See Cave v. Sec'y for Dep't of Corr., 638 F.3d. 739 (11th Cir. 2011).  However, the Eleventh Circuit has declined to grant habeas relief under § 2254(d)(2) in the context of a state appellate court's summary affirmance, where it found that the validity of the state court decision was not premised on the trial court's unreasonable fact finding, and that the petitioner

failed to demonstrate "by clear and convincing evidence that the record reflect[ed] an insufficient factual basis for affirming the state court's decision." Gill, 633 F.3d at 1292.

Only if the federal habeas court finds that the petitioner satisfied the AEDPA and § 2254(d), does the court take the final step of conducting an independent review of the merits of the petitioner's claims. *See* Panetti, 551 U.S. at 954. Even then, the writ will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a). "If this standard is difficult to meet, that is because it was meant to be." Richter, 562 U.S. at 102.

III.   EXHAUSTION AND PROCEDURAL DEFAULT

It is a long-standing prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1),[2] thereby giving the State the "'opportunity to pass upon and correct'

---

[2] Section 2254 provides, in pertinent part:

(b)(1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
        (A)  the applicant has exhausted the remedies available in the courts of the State; or
        (B) (i)  there is an absence of available State corrective process; or
            (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.

alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (quoting Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)).  To satisfy the exhaustion requirement, the petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim. Duncan, 513 U.S. at 365–66; O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); Picard, 404 U.S. at 277–78.

The Supreme Court has offered the following guidance for determining whether a habeas petitioner has met the "fair presentation" requirement.  In Picard v. Connor, the Court held that, for purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief.  404 U.S. at 277. In announcing that "the substance of a federal habeas corpus claim must first be presented to the state courts," id., 404 U.S. at 278, the Court rejected the contention that the petitioner satisfied the exhaustion requirement by presenting the state courts only with the facts necessary to state a claim for relief.

---

. . . .
(c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

Additionally, the Court has indicated that it is insufficient to make a general appeal to a constitutional guarantee as broad as due process to present the "substance" of such a claim to a state court.  In <u>Anderson v. Harless</u>, 459 U.S. 4, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982), the habeas petitioner was granted relief on the ground that a jury instruction violated due process because it obviated the requirement that the prosecutor prove all the elements of the crime beyond a reasonable doubt.  *Id.* 459 U.S. at 7 (citing <u>Sandstrom v. Montana</u>, 442 U.S. 510, 99 S. Ct. 2450, 61 L. Ed. 2d 39 (1979)).  The only manner in which the habeas petitioner cited federal authority was by referring to a state court decision in which "the defendant . . . asserted a broad federal due process right to jury instructions that properly explain state law." <u>Anderson</u>, 459 U.S. at 7.  The Court expressed doubt that a defendant's citation to a state-court decision predicated solely on state law was sufficient to fairly apprise a reviewing court of a potential federal claim merely because the defendant in the <u>cited</u> case advanced a federal claim.  *Id.*, 459 U.S. at 7 & n.3.  Furthermore, the Court clarified that such a citation was obviously insufficient when the record satisfied the federal habeas court that the federal claim asserted in the cited case was not the same as the federal claim on which federal habeas relief was sought.  *Id.*

Years later the Supreme Court readdressed the "fair presentation" requirement in Duncan v. Henry, 513 U.S. 364.  The Duncan Court strictly construed the exhaustion requirement so as to mandate that, if state and federal constitutional law overlap in their applicability to a petitioner's claim, the petitioner must raise his issue in terms of the applicable federal right in state court in order to obtain federal review of the issue.[3]  The Supreme Court explained,"[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal, but in state court."  Duncan, 513 U.S. at 365–66.

In Baldwin v. Reese, the Supreme Court again focused upon the requirement of "fair presentation," holding that "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so."  541 U.S. 27, 32, 124 S. Ct. 1347, 158 L. Ed. 2d 64 (2004).  The Baldwin Court commented that "a litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim

_____

[3] The petitioner in Duncan raised a federal due process claim in his habeas petition, but had raised only a state constitutional claim in his state appeal.  Presented with a state constitutional claim, the state court applied state law in resolving the appeal.

in a state-court petition or brief, for example, by citing in conjunction with the claim

the federal source of law on which he relies or a case deciding such a claim on federal

grounds, or by simply labeling the claim 'federal.'" *Id.*, 541 U.S. at 32.  With regard

to this statement, the Eleventh Circuit stated in <u>McNair v. Campbell</u>, 416 F.3d 1291

(11th Cir. 2005):

> If read in a vacuum, this dicta might be thought to create a low floor
> indeed for petitioners seeking to establish exhaustion.  However, we
> agree with the district court that this language must be "applied with
> common sense and in light of the purpose underlying the exhaustion
> requirement[:] 'to afford the state courts a meaningful opportunity to
> consider allegations of legal error without interference from the federal
> judiciary.'" <u>McNair</u> [<u>v. Campbell</u>], 315 F. Supp. 2d [1277,] 1184 [(M.D.
> Ala. 2004)] (quoting <u>Vasquez v. Hillery</u>, 474 U.S. 254, 257, 106 S. Ct.
> 617, 620, 88 L. Ed. 2d 598 (1986)).  This is consistent with settled law
> established by the Supreme Court. . . . We therefore hold that "'[t]he
> exhaustion doctrine requires a habeas applicant to do more than scatter
> some makeshift needles in the haystack of the state court record.'"

416 F.3d at 1302–03 (citations omitted).[4]

---

[4] In his initial brief before the Court of Criminal Appeals, the petitioner cited one federal
case in a string citation containing other state cases, and in a closing paragraph in his argument that
extraneous materials were considered by the jury during deliberations, stated that there was a
violation of his rights "protected by the Fifth, Sixth, Eighth[,] and Fourteenth Amendments to the
United States Constitution, the Alabama Constitution[,] and Alabama law." <u>McNair v. Campbell</u>,
416 F.3d 1291, 1303 (11th Cir. 2005).  The court found that these references to federal law were not
sufficient to meet the fair presentment requirement and noted that it was important that the petitioner
had never mentioned the federal standards regarding extraneous materials in his brief, but relied on
state law for his arguments.  *Id.*

An issue that was not properly presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, i.e., procedurally barred from federal review.  Bailey v. Nagle, 172 F.3d 1299, 1302–03 (11th Cir. 1999).  This court will also consider a claim procedurally defaulted if it was presented in state court and rejected on the independent and adequate state ground of procedural bar or default.  *See* Coleman v. Thompson, 501 U.S. 722, 734–35 & n.1, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991); Caniff v. Moore, 269 F.3d 1245, 1247 (11th Cir. 2001) ("[C]laims that have been held to be procedurally defaulted under state law cannot be addressed by federal courts."); Chambers v. Thompson, 150 F.3d 1324, 1326–27 (11th Cir. 1998) (applicable state procedural bar should be enforced by federal court even as to a claim which has never been presented to a state court); *accord* Tower v. Phillips, 7 F.3d 206, 210 (11th Cir. 1993); Parker v. Dugger, 876 F.2d 1470 (11th Cir. 1990), *rev'd on other grounds*, 498 U.S. 308, 111 S. Ct. 731, 112 L. Ed. 2d 812 (1991).  In the first instance, the federal court must determine whether any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine.  Bailey, 172 F.3d at 1303.  In the second instance, a federal court must determine whether the last state court rendering judgment clearly and expressly stated its judgment rested on a procedural bar.  *Id.*  A

federal court is not required to honor a state's procedural default ruling unless that ruling rests on adequate state grounds independent of the federal question.  *See* <u>Harris v. Reed</u>, 489 U.S. 255, 109 S. Ct. 1038, 103 L. Ed. 2d 308 (1989).  The adequacy of a state procedural bar to the assertion of a federal question is itself a federal question. <u>Lee v. Kemna</u>, 534 U.S. 362, 122 S. Ct. 877, 151 L. Ed. 2d 820 (2002).

The Eleventh Circuit has set forth a three-part test to determine whether a state court's procedural ruling constitutes an independent and adequate state rule of decision.  <u>Judd v. Haley</u>, 250 F.3d 1308, 1313 (11th Cir. 2001).  First, the last state court rendering judgment must clearly and expressly state it is relying on state procedural rules to resolve the federal claim.[5]  *Id.*  Second, the state court's decision on the procedural issue must rest entirely on state law grounds and not be intertwined with an interpretation of federal law.  *Id.*  Third, the state procedural rule must be adequate.  *Id.*  The adequacy requirement has been interpreted to mean the rule must be firmly established and regularly followed, that is, not applied in an arbitrary or unprecedented fashion.  *Id.*

---

[5] The federal court should honor the procedural bar even if the state court alternatively reviewed the claim on the merits.  <u>Marek v. Singletary</u>, 62 F.3d 1295, 1302 (11th Cir. 1995); <u>Alderman v. Zant</u>, 22 F.3d 1541, 1549 (11th Cir. 1994).

To overcome a procedural default, the petitioner must show cause and prejudice or a fundamental miscarriage of justice in order for the federal habeas court to reach the merits of a claim.  <u>Tower</u>, 7 F.3d at 210; <u>Parker</u>, 876 F.2d 1470.  "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim."  <u>McCleskey v. Zant</u>, 499 U.S. 467, 497, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991) (quoting <u>Murray v. Carrier</u>, 477 U.S. 478, 488, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986)).  To satisfy the miscarriage of justice exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  <u>Schlup v. Delo</u>, 513 U.S. 298, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995).  "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him."  <u>Schlup</u>, 513 U.S. at 327.  Further:

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.  To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.

*Id.*  Although a habeas petitioner asserting a convincing claim of actual innocence need not prove diligence to overcome a procedural bar, timing is a factor relevant in

evaluating the reliability of a petitioner's proof of innocence.  *See* <u>McQuiggin v.</u>

<u>Perkins</u>, — U.S. —, 133 S. Ct. 1924, 1935, 185 L. Ed. 2d 1019 (2013).  As the Court

stated in <u>Schlup</u>, "[a] court may consider how the timing of the submission and the

likely credibility of [a petitioner's] affiants bear on the probable reliability of . . .

evidence [of actual innocence]."  513 U.S. at 332; *see also* <u>House v. Bell</u>, 547 U.S.

518, 537, 126 S. Ct. 2064, 165 L. Ed. 2d 1 (2006).

Within this framework, the court will review Petitioner's claim.

IV.   PETITIONER'S CLAIM

<u>Ground One:</u>  "Petitioner's convictions in criminal Case No. 2013-CF-001423A
represent a manifest miscarriage of justice where Petitioner is actually innocent
of the offense of failure to re-register as a sex offender."

Petitioner alleges that on October 22, 2008, he entered a no contest plea to false

imprisonment in Case No. 2008-CF-003420, which is an offense enumerated in

Florida Statutes § 943.0435(1)(h)1.a, the law which defines "sexual offender" and

requires sexual offenders to register with FDLE (ECF No. 1 at 3–4; ECF No. 2 at

1–3).  Petitioner claims that his plea in the 2008 case was not knowing and voluntary,

in violation of the Due Process Clause, because the trial court failed to ascertain

whether Petitioner understood the nature and consequences of the plea, specifically,

that Petitioner would be classified as a Sexual Offender and thus subject to the

registration and reporting requirements of § 943.0435 (*id.*). Petitioner alleges on October 24, 2013, he pleaded guilty to failure to re-register as a sexual offender and failure to report or register a change in address in Case No. 2013-CF-001423 (*id.*). Petitioner contends that one of the elements of the crimes of failure to re-register and failure to report a change in address was that he was a Sexual Offender; however, because his plea in Case No. 2008-CF-3420 was unconstitutional, that element of the failure-to-register/report offenses was not satisfied (*id.*). Petitioner thus contends his conviction in  Case No. 2013-CF-001423 violates the Due Process Clause and constitutes a fundamental miscarriage of justice (*id.*). Petitioner asserts he presented this due process claim to the state courts in his state habeas petition filed under Rule 3.850(m) (ECF No. 1  at 4; ECF No. 2 at 2). Petitioner asserts that in that same state pleading, he also presented a claim of ineffective assistance of trial counsel ("IATC") based upon counsel's advising him, in Case No. 2008-CF-3420, that his conviction for false imprisonment would not qualify him as a sexual offender (ECF No. 2 at 2).

Respondent contends Ground One is not cognizable in federal habeas, because the issue of whether Petitioner qualified as a sexual offender is purely an issue of state law (ECF No. 15 at 9–15). Respondent further contends that to the extent Petitioner

argues a federal due process violation, the claim was not properly exhausted, because Petitioner did not present a federal claim to the state courts (*id.*).

Petitioner argues in his reply that his claim presents a federal due process issue under Jackson v. Virginia, 443 U.S. 307, 324, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979) (ECF No. 17 at 3–4).  Petitioner further argues that if he procedurally defaulted his federal due process claim, he is nonetheless entitled to review of it under the "fundamental miscarriage of justice" exception (*id.* at 4–5).

A.    Federal Due Process Challenge to Petitioner's Classification as a Sexual Offender Under § 943.0435

As previously discussed, in Case No. 2012-CF-1492, where Petitioner was charged with two counts of failure of a sex offender to report or register a change in permanent or temporary address or an electronic mail address, Petitioner's counsel filed a motion to dismiss on the ground that Petitioner had never been judicially designated a sexual offender, and was instead designated by a state agency (Ex. D at 14–17).  Defense counsel argued that there was no judicial finding of fact that there was a sexual component to Petitioner's false imprisonment conviction (*id.*).  Counsel argued that the state agency's determining that there was a sexual component to the offense, with no evidentiary protections, violated the principles of separation of powers and Petitioner's substantive due process rights (*id.*).  Counsel also argued that

Petitioner was never advised that he would be designated a sexual offender as a result of his plea to false imprisonment in Case No. 2008-CF-3420 (*id.*).

The state court held a hearing on the motion to dismiss (*see* Ex. D at 34–64) and subsequently issued a written order denying the motion on the following grounds:

> Rule 3.190(b), Florida Rules of Criminal Procedure generally provides that "[a]ll defenses available to a defendant by plea, other than not guilty, shall be made only by motion to dismiss the indictment or information." (Emphasis added).  By essentially arguing that he is not a "sexual offender," and therefore is not required to register, the Defendant is not asserting a claim that he is somehow immune from prosecution.  Rather, it appears the Defendant is simply arguing that he is not guilty of the crime charged.
>
> The Defendant, however is not entitled to relief.  By statute, the Defendant "was required to register as a sexual offender by virtue of his conviction for the qualifying offense of false imprisonment where the victim was a minor and not his child." Munroe v. State, 69 So. 3d 1044 (Fla. 2d DCA 2011).  Therefore, the Defendant cannot legitimately claim that he was not required, by statute, to register as a sexual offender.
>
> It is immaterial that the Court did not designate the Defendant a sexual offender in case number 08-342.  The Defendant is a "sexual offender" merely by virtue of his conviction.  As the Fifth District Court of Appeal has explained:
>
> > Although conceding error, the State urges that we remand with instructions that Appellant be designated a sexual offender pursuant to section 943.0435, Florida Statutes. However, that section "contains no provision for a court order designating offenders as sexual offenders; they attain that status merely by virtue of their convictions." Watkins v. State, 57 So. 3d 986 (Fla. 5th DCA 2011) citing Harvey

v. State, 17 So. 3d 890, 891 n.2 (Fla. 4th DCA 2009). (Emphasis added).

The Court has considered whether the parties intended, as result of his plea agreement, that the Defendant would be required to register as a sexual offender.  However, the Court would not have had the authority to excuse the Defendant from registering as a sexual offender in light of the Defendant's conviction of false imprisonment.  See Hughes v. State, 967 So. 2d 968, 969 (Fla. 4th DCA 2007) ("petitioner was convicted of an offense for which sexual offender designation is mandatory, the trial court had no authority to exempt a qualifying person from such designation.").

Section 943.0436(2), Florida Statutes, provides:

**If a person** meets the criteria in chapter 775 for designation as a sexual predator or **meets the criteria in s. 943.0435**, s. 944.606, s. 944.607, or any other law for classification as a sexual offender, **the court may not enter an order, for the purpose of approving a plea agreement or for any other reason**, which:

(a) **Exempts a person who meets the criteria for designation as a sexual predator or classification as a sexual offender from such designation or classification, or exempts such person from the requirements for registration or community and public notification imposed upon sexual predators and sexual offenders**;

(b) Restricts the compiling, reporting, or release of public records information that relates to sexual predators or sexual offenders; or

(c) Prevents any person or entity from performing its duties or operating within its statutorily conferred authority as such duty or authority relates to sexual predators or

sexual offenders.

(Emphasis added)

On the other hand, the Court recognizes that a sexual offender designation is unconstitutionally applied to a defendant who is convicted of a qualifying offense that does not contain a sexual element, such as false imprisonment, *where it is undisputed by the State* that the facts of the particular qualifying offenses do not contain a sexual component. <u>Munroe v. State</u>, 69 So. 3d 1044 (Fla. 2d DCA 2011) (emphasis retained); <u>State v. Robinson</u>, 873 So. 2d 1205, 1207 (Fla. 2004); <u>Raines v. State</u>, 805 So. 2d 999 (Fla. 4th DCA 2001). In this case, however, the State is plainly contesting any claim that the Defendant's qualifying offense does not contain a sexual component.

More importantly to the Court, the Defendant's written plea agreement[FN 1] includes the following factual basis for the Defendant's plea in case number 08:CF-3420:

> On or about 7/13/08 the Defendant and the victim got into an argument at which time the Defendant took the victim back to his aunt[']s place where he held the victim down on a bed and had sex with her and refused to let her leave.

<u>Attachment 1</u>.

The written agreement reflects that the Defendant agreed to this factual basis, which indicates the Defendant agreed there was a sexual component to the qualifying offense. <u>Attachment 1</u>. Nonetheless, if the Defendant is attempting to challenge that his statutory sexual offender designation is unconstitutional as applied to him[FN 2] due to lack of a sexual component, it is his burden to demonstrate the lack of sexual component. <u>See</u> <u>Munroe</u>, <u>supra</u>.

[FN 1: This written plea agreement was referenced by the State during the Court's August 17, 2012, hearing. The

> Defendant did not raise any objection to the Court
> considering the written plea agreement at the time.]
>
> [FN 2:  The Court finds that any claim that the statute is
> facially unconstitutional would be unavailing.  Raines v.
> State, 805 So. 2d 999, 1003 (Fla. 4th DCA 2001) ("Without
> question, the state has an interest in protecting the public
> from sexual offenders.  Ch. 2000-246, § 3 Laws of Fla.
> And the designation of a person as a sexual offender is
> rationally related to that goal where an accused has been
> convicted of false imprisonment under section
> 787.02(3)(a)2., 3., or 4., which proscribes false
> imprisonment of a child under 13 when committed along
> with an enumerated sexual offense.  However, where an
> accused is convicted of false imprisonment under sections
> 787.02(1)(a) and/or (b) and it is clear that the predicate
> crime is totally devoid of a sexual component, such rational
> basis is lost.").

(Ex. D at 65–67).

On direct appeal to the First DCA, Petitioner argued that the trial court erred in
denying the motion to dismiss, because there was no judicial factual finding of the
sexual component to the offense of false imprisonment in Case No. 2008-CF-3420,
thereby making § 943.0435 unconstitutional as applied to Petitioner (Ex. E).
Petitioner propounded two arguments.  First, the state agency's designating Petitioner
a sexual offender without a court order violated separation of powers principles,
because only the judicial branch had authority to sentence Petitioner (id. at 5, 8–9).
Second, the State failed to produce evidence of a sexual component in Petitioner's

qualifying offense of false imprisonment (*id.* at 5, 9–10).  Petitioner argued that the factual basis of his plea in Case No. 2008-CF-3420 did not constitute a factual finding of the existence of a sexual component, since Petitioner's plea was a no contest plea, which did not admit the allegations of the charge (*id.*).  Notably, Petitioner abandoned his challenge to the voluntary and knowing nature of his plea in Case No. 2008-CF-3420 (*see id.*).

In both his motion to dismiss and his initial brief on direct appeal, Petitioner cited the Fourteenth Amendment in conjunction with his substantive due process claim, and he cited to Robinson v. State, 873 So. 2d 1205 (Fla. 2004), which decided a substantive due process claim on federal grounds (*see* Ex. D at 14–29, 34–64; Ex. E at 6–8).[6]  The undersigned concludes that Petitioner satisfied the exhaustion requirement with respect to his claim that § 943.0435, as applied to him, violated his due process rights under the Fourteenth Amendment.  Therefore, the court will consider whether the state courts' adjudication of this claim was contrary to or an unreasonable application of clearly established federal law.

---

[6] In Robinson, the Florida Supreme Court held that the Florida Sexual Predators Act, Florida Statutes § 775.21, was unconstitutional as applied to Robinson, because (1) neither of the crimes of which Robinson was convicted (kidnapping and carjacking) contained, by definition, a sexual component, (2) the State conceded that the circumstances of the crimes lacked any sexual component; and (3) no sexual motive or sexually exploitative act could be inferred from the circumstances of the crimes.  873 So. 2d at 1214–15, 1217.

1.    Clearly Established Federal Law

The United States Constitution protects individuals from arbitrary and unreasonable governmental interference with a person's right to life, liberty, and property.  *See* U.S. Const. amends. V ("[N]or shall any person . . . be deprived of life, liberty, or property, without due process of law."); XIV, § 1 ("[N]or shall any State deprive any person of life, liberty, or property, without due process of law.").  The United States Supreme Court has identified two distinct areas of due process protection: procedural and substantive.  Procedural component guarantees that a state will not deprive a person of life, liberty, or property without some form of notice and opportunity to be heard.  *See* Hamdi v. Rumsfeld, 542 U.S. 507, 124 S. Ct. 2633, 2648–49, 159 L. Ed. 2d 578 (2004).  Here, as in state court, Petitioner asserts only a substantive due process challenge to the application of Florida's Sex Offender Registration Act ("SORA") to him.

The substantive component of the Due Process Clause protects fundamental rights that are so "implicit in the concept of ordered liberty" that "neither liberty nor justice would exist if they were sacrificed."  *See* Palko v. Connecticut, 302 U.S. 319, 325, 326, 58 S. Ct. 149, 82 L. Ed. 288 (1937).  Fundamental rights protected by substantive due process are protected from certain state actions regardless of the

procedures the state uses.  *See* <u>Washington v. Glucksberg</u>, 521 U.S. 702, 721, 117 S.

Ct. 2258, 138 L. Ed. 2d 772 (1997).  When a state enacts legislation that infringes

fundamental rights, courts will review the law under a strict scrutiny test and uphold

it only when it is "narrowly tailored to serve a compelling state interest."  <u>Reno v.

Flores</u>, 507 U.S. 292, 302, 113 S. Ct. 1439, 123 L. Ed. 2d 1 (1993).

The Supreme Court has not addressed whether SORA, or any similar state

statutory scheme, implicates a fundamental right.  The Eleventh Circuit has held that

SORA does <u>not</u> infringe the fundamental constitutional rights of liberty and privacy.

*See* <u>Doe v. Moore</u>, 410 F.3d 1337, 1345 (11th Cir. 2005).

Where a fundamental liberty interest does not exist, substantive due process

nonetheless protects against the arbitrary and oppressive exercise of government

power.  *See* <u>Cnty. of Sacramento v. Lewis</u>, 523 U.S. 833, 845–46, 118 S. Ct. 1708,

140 L. Ed. 2d 1043 (1998).  Executive action is arbitrary in a constitutional sense

when it "shocks the conscience."  *Id.*, 523 U.S. at 846.  In assessing whether executive

action was unconstitutionally arbitrary, the court asks whether the action is "rationally

related to legitimate government interests."  <u>Glucksberg</u>, 521 U.S. at 728.

2.    Federal Review of State Court Decision

In denying Petitioner's motion to dismiss, the trial court found as fact that Petitioner agreed to the following factual basis for the felony battery and false imprisonment charges:

> On or about 07/13/08 the Defendant and victim [16 years of age] got into an argument at which time the Defendant took the victim back to his auntie [sic] place where he held the victim down on a bed and had sex with her and refused to let her leave.

(*see* Ex. D at 67). This finding is supported by the record, specifically, a copy of the written plea agreement in Case No. 2008-CF-3420, which Petitioner signed (*id.* at 70–74). A sexually exploitative act could be inferred from the factual circumstances of the false imprisonment charge.

Additionally, the record supports the trial court's finding that the State did not concede, in either Case No. 2008-CF-3420 or Case No. 2012-CF-1492, that the circumstances of the crime lacked any sexual component. The State included a sexual component in the factual basis of the plea agreement in Case No. 2008-CF-3420, and the State argued the presence of a sexual component in its opposition to Petitioner's motion to dismiss in Case No. 2012-CF-1492 (*id.* at 34–64, 91–96).

In light of these findings, the trial court concluded that Petitioner failed to show that application of SORA to him violated his substantive due process rights. The First DCA affirmed the lower court without explanation.

"[T]he summary nature of a state court's decision does not lessen the deference that it is due." Wright v. Moore, 278 F.3d 1245, 1254 (11th Cir. 2002); *see also* Harrington, 562 U.S. at 99 ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."). Where a state court denies relief without providing an explanation or its reasoning, the habeas petitioner must show that there was no reasonable basis for the state court's decision. *See* Harrington, 562 U.S. at 98. The federal court must determine what arguments or theories supported or could have supported the state court's decision, and then ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of the Supreme Court. *See* Harrington, 562 U.S. at 102; *see also* Gill, 633 F.3d at 1292 (holding that the federal district court may rely on grounds other than those articulated by the state court in determining that habeas relief was not warranted, so long as the district court did not err in concluding that the state court's rejection of the petitioner's claims was neither an unreasonable application of a Supreme Court holding nor an unreasonable determination of the facts).

Here, Petitioner failed to demonstrate that there was no reasonable basis for the state courts' rejection of his substantive due process claim. Therefore, Petitioner is not entitled to relief on this aspect of Ground One.

B.    Constitutional Challenge to Plea in Case No. 2008-CF-3420

Petitioner also appears to assert a constitutional challenge to his plea in Case No. 2008-CF-3420. Petitioner claims that his trial counsel affirmatively misadvised him that he would not be required to register under SORA, and the trial court failed to advise him that he would be required to register.

The state court record demonstrates that Petitioner's counsel asserted a challenge to Petitioner's plea in Case No. 2008-CF-3420 as part of the basis for seeking dismissal of the failure-to-register charges in Case No. 2012-CF-1492. However, on appeal of the judgment in Case No. 2012-CF-1492, counsel abandoned the argument that the 2008 plea was unknowing and involuntary. Counsel's failure to present the argument to the First DCA renders the claim procedurally defaulted for federal habeas purposes.

Petitioner subsequently asserted a constitutional challenge to his 2008 plea in his "Petition for Writ of Habeas Corpus Pursuant to Fla. R. Crim. P. 3.850[(h) and (m)] Alleging Manifest Injustice" in the state circuit court, Case Nos. 2008-CF-3420

and 2013-CF-1423 (Ex. N at 21–35).  The circuit court denied the petition as untimely, pursuant to Rule 3.850(b) (*id.* at 36–37).  The First DCA per curiam affirmed the circuit court's decision on July 7, 2016 (Ex. R).  Again, this constitutes a procedural default of the issue, because the state courts disposed of the claim pursuant to a firmly established and regularly followed state procedural rule.  *See* Fla. R. Crim. P. 3.850(b) (a motion for relief from a criminal judgment and sentence must be filed within two (2) years after the judgment and sentence become final); Baker v. State, 878 So. 2d 1236, 1244 (Fla. 2004).  Petitioner filed the "Petition for Writ of Habeas Corpus Pursuant to Fla. R. Crim. P. 3.850[(h) and (m)] Alleging Manifest Injustice" on February 24, 2015, which was more than six (6) years after the judgment in Case No. 2008-CF-3420 became final.

Petitioner contends he is entitled to federal review of his plea challenge through the "fundamental miscarriage of justice" exception to the procedural bar.  As previously discussed, to satisfy the miscarriage of justice exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  Schlup, 513 U.S. at 327.  "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him."  *Id.*  Further:

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.

*Id.*

Here, Petitioner "candidly concedes that he has not submitted new evidence" to support an actual innocence claim (*see* ECF No. 2 at 12). Instead, he argues there is insufficient evidence to support his failure-to-register convictions in Case No. 2013-CF-1423. Sufficiency-of-the-evidence arguments do not satisfy the Schlup standard. *See* Bousley v. United States, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998) (actual innocence means factual innocence, not mere legal insufficiency); Johnson v. Fla. Dep't of Corr., 513 F.3d 1328, 1334 (11th Cir. 2008); Gonzalez v. Sec'y for Dep't of Corr., 366 F.3d 1253, 1274 (11th Cir. 2004) (en banc) ("Actual factual innocence is required; legal innocence is not enough."); Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) ("Th[e] [fundamental miscarriage of justice] exception is exceedingly narrow in scope, as it concerns a petitioner's 'actual' innocence rather than his 'legal' innocence.").

Petitioner has not made a colorable showing of his factual innocence of the false imprisonment charge in Case No. 2008-CF-3420; therefore, he is not entitled to federal review of the constitutional challenge to his plea in that case.

## V.   CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  If a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  28 U.S.C. § 2254 Rule 11(a).  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'"  Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (quoting § 2253(c)(2)).  "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'"  Buck v. Davis, 580 U.S.—, 137 S. Ct.

773 (2017) (citing <u>Miller-El</u>, 537 U.S. at 327).  The petitioner here cannot make that showing.  Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of  Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.    That the petition for writ of habeas corpus (ECF No. 1) be **DENIED**.

2.    That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this <u>19</u><sup>th</sup> day of October 2017.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M.  TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**